| | |
|---|---|
| | MGD |

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordan Anthony Loyd Reese, | No. CV 17-01093-PHX-DGC (DMF) |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Jordan Anthony Loyd Reese brought this pro se civil rights action under 42 U.S.C. § 1983 regarding the alleged denial of constitutionally adequate medical care while he was incarcerated in a Maricopa County jail. (Doc. 1.)

On February 9, 2018, Defendants filed their pending Motion for Summary Judgment. (Doc. 19.) On February 28, 2018, the Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 951, 962 (9th Cir. 1998) (en banc), which informed Plaintiff of his obligation to respond to Defendants' Motion for Summary Judgment within 30 days and the requirements of a response under Federal Rule of Civil Procedure 56. (Doc. 22.) That Order was returned as undeliverable with an indication that Plaintiff was no longer in custody. (Doc. 23.)

Rule 83.3(d) of the Local Rules of Civil Procedure requires Plaintiff to file a notice of change of address seven days after the effective date of the change. LRCiv. 83.3(d). To date, Plaintiff has not notified the Court of his current address.

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam). If the Court were to order Plaintiff to show cause why dismissal was not warranted, the Order "would only find itself taking a round trip through the United States mail." *Id.*

It is well established that under Rule 41(b) of the Federal Rules of Civil Procedure, a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30 (1962) (a district court has the inherent power to dismiss a case sua sponte for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (1992) (holding that a district court may dismiss an action for failure to comply with any order of the court); *see also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (a district court may dismiss an action for failure to comply with a local rule).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability

of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendants' Motion for Summary Judgment will be denied as moot.

**IT IS ORDERED:**

(1)     The Complaint (Doc. 1) and this action are **DISMISSED** without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court must enter judgment accordingly.

(2)     Defendants' Motion for Summary Judgment (Doc. 19) is **denied as moot**.

Dated this 30th day of April, 2018.

David G. Campbell
United States District Judge